

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-CV-00073-GNS-HBB

COREY RAY LOGSDON                                              PLAINTIFF

V.

TROOPER DANIEL WHITE, and
TROOPER GRAHAM RUTHERFORD                          DEFENDANTS

**JURY INSTRUCTIONS**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JURY DELIBERATIONS**

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 3-4, or 5-2, or whatever your vote happens to be. That should stay secret until you are finished.

a. **EXPERIMENTS, RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS**

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant

messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkenIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### b. UNANIMOUS VERDICT

Your verdict or answer to any question must be unanimous. That is, all seven (7) members of the jury must agree on any answer to the question and verdict.

### c. DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change you mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds. Listen carefully to what the other



jurors have to say, and then decide for yourself if the plaintiff has established every essential element of his claim by a preponderance of the evidence as to each claim.

### d. JUROR NOTES

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## INSTRUCTION NO. 1

### Introductory Instruction

Under the statute set forth at Title 42, Section 1983 of the United States Code, any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiff Corey Ray Logsdon claims that Defendants Daniel White and Graham Rutherford violated his Eighth Amendment rights while acting under color of state law as an employee of the Kentucky State Police.

You have heard that Corey Ray Logsdon pled guilty to charges arising from his arrest. You are instructed that Defendants Daniel White and Graham Rutherford had probable cause to arrest him. [The only issues in this case are whether Defendant Daniel White used excessive force in making the arrest, and whether Defendant Graham Rutherford failed to intervene to prevent Defendant Daniel White's use of excessive force.]

White and Rutherford deny violating Logsdon' rights.

## INSTRUCTION NO. 2

### Elements of a Section 1983 Action

In order to prevail on his section 1983 claims against Defendants Daniel White and Graham Rutherford, Plaintiff Corey Ray Logsdon must prove each of the following elements by a preponderance of the evidence:

1. That White and Rutherford acted under color of law; and

2. That the acts by White and Rutherford deprived Logsdon of his particular rights under the Constitution of the United States as explained in Instruction No. 3 below.

You are instructed that both White and Rutherford acted under color of law in this case. Therefore, you must only determine whether Logsdon has proved all the additional elements he is required to prove against White and Rutherford under Instructions Nos. 3 and 5.

## INSTRUCTION NO. 3

### Particular Right – Excessive Force

In order to prove his excessive force claim, the burden is upon Plaintiff Corey Ray Logsdon to establish by a preponderance of the evidence each of the following elements:

First: Defendants Daniel White and Graham Rutherford performed acts that operated to deprive Logsdon of one or more of his federal Constitutional rights, as defined and explained in these instructions, by using excessive force against Logsdon during the course of his arrest as to White, and by failing to intervene to protect Logsdon from White's excessive force as to Rutherford.

Second: Defendant police officers then and there acted under the color of state law; and

Third: Defendant police officers' acts were the proximate cause of damages sustained by plaintiff.

## INSTRUCTION NO. 4

### Defense - Reasonableness

Plaintiff Corey Ray Logsdon claims Defendant Daniel White used excessive force when he arrested Logsdon. In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effect the arrest. Whether or not the force used in making an arrest was unreasonable is a question to be determined by you in light of all of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in this case. In determining whether the defendant police officers used excessive force, you may consider:

1. The extent of the injury suffered,

2. The need for the application of force,

3. The relationship between the need and the amount of force used,

4. The threat reasonably perceived by the responsible officials, and

5. Any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. The nature of reasonableness must

allow for the fact that police officers are often forced to make split-second judgments—under circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one. The question is whether the defendant police officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

If you find Logsdon has proven his claim, you must then consider the defense of White that his conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that they are therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. A neutralized (or not resisting) suspect who is secured by handcuffs has a clearly established constitutional right to be free from gratuitous violence.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that Logsdon has proved that White knowingly violated the law regarding Logsdon's constitutional rights, you must find for Logsdon.

G.S.

If, however, you find that White had a reasonable belief that his actions did not violate Logsdon's constitutional rights, then you cannot find White liable even if Logsdon's rights were in fact violated as a result of White's objectively reasonable action

## INSTRUCTION NO. 5

### Particular Right – Failure to Intervene

Plaintiff Corey Ray Logsdon contends that Defendant Daniel White violated Logsdon's right to be free from excessive force and that Defendant Graham Rutherford should be liable for that violation because Rutherford failed to intervene to stop the violation.

Rutherford is liable for that violation if Logsdon has proven all of the following four things by a preponderance of the evidence:

First: White violated Logsdon's right to be free from excessive force.

Second: Rutherford had a duty to intervene. Police officers have a duty to intervene to prevent the use of excessive force by a fellow officer.

Third: Rutherford had a reasonable opportunity to intervene.

Fourth: Rutherford failed to intervene.

# INSTRUCTION NO. 6

### Definition - "Knowingly"

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. "Knowingly" refers to a conscious decision to take certain actions, and not a conscious decision to deprive someone of a right, privilege, or immunity secured or protected by the Constitution or laws of the United States.

# INSTRUCTION NO. 7

## Definition - "Preponderance of the Evidence"

The term "preponderance of the evidence" is used in these Instructions and deserves additional explanation. To establish by the "preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared to that opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue in this case has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

INSTRUCTION NO. 8

Definition – "Proximate Cause"

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to the plaintiff, and that the plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

## INSTRUCTION NO. 9

### Negligence Insufficient

Negligence is the failure to use ordinary care. Negligent conduct cannot form the basis of a Fourth Amendment violation of a person's right under the United States Constitution.

If you find that Defendant Daniel White was merely negligent, you shall not find him liable on Plaintiff Corey Ray Logsdon's claim of excessive force.

## INSTRUCTION NO. 10

### Assault and Battery

You will find for Plaintiff Corey Ray Logsdon as to his assault and battery claim against Defendant Daniel White only if you are satisfied from the evidence that White used more force than was necessary, or so appeared to him in the exercise of a reasonable judgment, in order to arrest Logsdon and retain him in custody; otherwise, you will find for White.

## INSTRUCTION NO. 11

### Compensatory Damages

If you find in favor of Plaintiff Corey Ray Logsdon, then you may award him such sum as you find will fairly and justly compensate him for any humiliation, pain, suffering, or mental anguish he suffered that were proximately caused by one or both Defendants' allegedly wrongful conduct not to exceed $75,000 against each Defendant. Note, that just because you are receiving an instruction as to damages does not mean that the Court is expressing any opinion as to whether or not one or both Defendants should be held liable in this action.

Should you find that Logsdon is entitled to compensatory damages, any award you give must be fair compensation—no more and no less. In awarding this measure of damages, no evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## INSTRUCTION NO. 12

### Nominal Damages

If you find in favor of Plaintiff Corey Ray Logsdon, but also find that he suffered no compensatory damages as described in Instruction No. 12, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

17

## INSTRUCTION NO. 13

### Punitive Damages

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff Corey Ray Logsdon and against Defendant Daniel White, Defendant Graham Rutherford, or both, and if you find the conduct of that defendant as submitted in Instructions Nos. 3 or 5 was recklessly and callously indifferent to Logsdon's constitutional rights, then, in addition to any other damages to which you find Logsdon entitled, you may, but are not required to, award Logsdon an additional amount as punitive damages, not to exceed $225,000 against each Defendant, if you find it is appropriate to punish either or both of the defendants or deter either or both of the defendants and others from like conduct in the future. Whether to award Logsdon punitive damages and the amount of those damages are within your sound discretion.

You may assess punitive damages against any or all defendant police officers or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

